USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/18/2021

Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*POOF-Slinky, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POOF-SLINKY, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>7HK8918, 8_47147, ABALA.COCO, ACTPLUS, AHHXTOPSTORE, AILIANHY1188, AKIRAYDO, ALWAYS-WITH-YOU, AMAZING-BOX, AMAZING-SALE, AMAZING5C, AVISION1388, BAG2UE6TTE, BESTVALUEZONE, BHSD-13, BIGVIP8018, BLINGQUALITY, BOSS7321, BRILLIANTLY-ILLUMINATED, CALABASH_GREEN, CBINCNM, CICI10086, COBALT_ELECTRONICS, D-SOTRE, DPK-TECH, E-FASHION365, EB-SOURCE111, EVALINK888, EXCELLBUYING, EXTRAPS, EXTRAXP, FAT-MANGO, FIRSTQUALITYMART2U, FLOWERSBLOSSOMS,FLOWERSBUD, FLOWERSFEELING, FOREVERHIGHQUALITY, FORTOPCHOICE, GELIVABLE.2U, GIFT_SELECT, GOGOOSHOP, GOLDEN-MARKET, GRACEEXPO, GREATSPRINGFIELD, GREENSHOP333, GREENTEATIME2016, GZCLOTHERSALE, HCBYJIANG, HENGTONGHUAN-111, HERONEO2012, HKXR86742, HK_9085, HNMMR2, | CIVIL ACTION No.<br>19-cv-9397 (GHW)<br><br>**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

HOME-GARDEN-US, HOMETOPGOODS, HOMME-FASHION501, IJESVP4599, ILINKME, IPLSSLPI888, I_FACT, JKPLYD513-5, KEYTIMETOSHOW41, LEAP-SHOP, LEISURE-Z, LEMONTREE0528_3, LINYONGSHOP, LITTLE.APPLE2014, MIANHENG, ODHE15, PEGASUS-ELECTRONIC, PLFAP242-0, QQ1281, SEATTLE2003, SEX-PLAZA2014, SHSNAS_999, SILENTMUSIC16, SMTMALL, STARWINGS18, SUMMER_SKY17, SWEETPOLLEN, SYONG54, TAOYOUMEHGFD, TAYGETE4U, TCNH-1, TECHNOLOGY-ONSALE, THALIA4U, TOPDOLLARS, TOPWARDROBE2014, TOYPOPE, TRAIL-BLAZER21, TRELIDE, TRS-WELCOME, TST19-26, UQQIW53964MPBD8, VKBNP999AZKJ_8, VSTAR1986, VXUW-11, WHEMYQONG5, WHITELIGHT2016, WHITESIBIRIEN, WONDERFULBUYING36588, XSYL-52 and YFH6696931-2,

*Defendants*

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Poof-Slinky** | Poof-Slinky, LLC | N/A |
| **Defendants** | 7hk8918, 8_47147, abala.coco, actplus, ahhxtopstore, ailianhy1188, akiraydo, always-with-you, amazing-box, amazing-sale, amazing5c, avision1388, bag2ue6tte, bestvaluezone, bhsd-13, bigvip8018, blingquality, boss7321, brilliantly-illuminated, calabash_green, cbincnm, cici10086, cobalt_electronics, d-sotre, dpk-tech, e-fashion365, eb-source111, evalink888, excellbuying, extraps, extraxp, fat-mango, firstqualitymart2u, flowersblossoms, flowersbud, flowersfeeling, foreverhighquality, fortopchoice, gelivable.2u, gift_select, gogooshop, golden-market, graceexpo, greatspringfield, greenshop333, greenteatime2016, gzclothersale, hcbyjiang, hengtonghuan-111, heroneo2012, hkxr86742, hk_9085, hnmmr2, home-garden-us, hometopgoods, homme-fashion501, ijesvp4599, ilinkme, iplsslpi888, i_fact, jkplyd513-5, keytimetoshow41, leap-shop, leisure-z, lemontree0528_3, linyongshop, little.apple2014, mianheng, odhe15, pegasus-electronic, plfap242-0, qq1281, seattle2003, sex-plaza2014, shsnas_999, silentmusic16, smtmall, starwings18, summer_sky17, sweetpollen, syong54, taoyoumehgfd, taygete4u, tcnh-1, technology-onsale, thalia4u, topdollars, topwardrobe2014, toypope, trail-blazer21, trelide, trs-welcome, tst19-26, uqqiw53964mpbd8, vkbnp999azkj_8, vstar1986, vxuw-11, whemyqong5, whitelight2016, whitesibirien, wonderfulbuying36588, xsyl-52 and yfh6696931-2 | N/A |
| **Defaulting Defendants** | actplus, ahhxtopstore, ailianhy1188, akiraydo, amazing-sale, amazing5c, avision1388, bhsd-13, blingquality, boss7321, calabash_green, cici10086, eb-source111, evalink888, extraps, extraxp, firstqualitymart2u, foreverhighquality, fortopchoice, gogooshop, graceexpo, greatspringfield, greenshop333, hcbyjiang, hengtonghuan-111, heroneo2012, hkxr86742, hnmmr2, hometopgoods, ilinkme, i_fact, leisure-z, seattle2003, shsnas_999, smtmall, starwings18, sweetpollen, syong54, taygete4u, thalia4u, toypope, trail-blazer21, trelide, tst19-26, whitelight2016, whitesibirien, xsyl-52 and yfh6696931-2 | N/A |

i

| | | |
|---|---|---|
| **eBay** | eBay.com, a San Jose, California-based online marketplace and e-commerce platform owned by eBay Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale and/or sell in what it characterizes as either auction-style or fixed-price formats and ship their retail products, which, upon information and belief, originate from China, among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including in New York | N/A |
| **Sealing Order** | Order to Seal File entered on October 10, 2019 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on October 10, 2019 | Dkt. 7 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on October 10, 2019 | Dkts. 11-15 |
| **Conway Dec.** | Declaration of Laurie Conway in Support of Plaintiff's Application | Dkt. 13 |
| **Scully Dec.** | Declaration of Brieanne Scully in Support of Plaintiff's Application | Dkt. 14 |
| **Arnaiz Dec.** | Declaration of Jessica Arnaiz in Support of Plaintiff's Application | Dkt. 12 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on October 17, 2019 | N/A |
| **PI Show Cause Hearing** | October 31, 2019 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | October 31, 2019 Preliminary Injunction Order | Dkt. 5 |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as eBay, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |

| | | |
|---|---|---|
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Slinky Products** | A precompressed helical spring toy that can perform a number of tricks, which come in a variety of sizes colors and materials that can light up and make noise | N/A |
| **Slinky Marks** | U.S. Trademark Registration Nos: 5,286,991 for "  " for a variety of goods in Class 28; 2,402,881 for "  " for a variety of goods in Class 28; and 1,455,493 for "SLINKY" for a variety of goods in Class 28 | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Slinky Marks, and/or products in packaging and/or containing labels and/or hang tags bearing the Slinky Marks, and/or bearing or used in connection with marks that are confusingly similar to the Slinky Marks and/or products that are identical or confusingly similar to the Slinky Products | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |

| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by eBay, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
|---|---|---|
| **eBay Discovery** | The supplemental report identifying Defendants' Infringing Item Number, Seller ID and Quantity Sold, among other things, provided by counsel for eBay to Plaintiff's counsel pursuant to the expedited discovery ordered in both the TRO and PI Order | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Application for an Order to Show Cause Why Default Judgment and a Permanent Injunction should not be entered Against Defaulting Defendants filed on February 12, 2021 | TBD |
| **Scully Aff.** | Affidavit by Brieanne Scully in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Slinky Marks, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Brieanne Scully in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendant, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### I. Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly pled against Defaulting Defendants in the Complaint;

### II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded statutory damages in the amount of $50,000.00

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

("Defaulting Defendants' Individual Damages Award") against each of the Forty-Eight (48) Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act as follows, plus post-judgment interest, for a total of Two Million Four Hundred Thousand Dollars ($2,400,000.00);

### III.  Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendant, its respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing one or more of the Slinky Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Slinky Marks;

   B. directly or indirectly infringing in any manner any of Plaintiff's Slinky Marks;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Slinky Marks to identify any goods or services not authorized by Plaintiff;

   D. using any of Plaintiff's Slinky Marks, or any other marks that are confusingly similar to the Slinky Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff; and

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

  i. Defaulting Defendants' User Accounts and/or Merchant Storefronts;

  ii. Defaulting Defendants' Assets; and

  iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's

trademarks, copyrights or other rights including, without limitation, the Slinky Marks, or bear any marks that are confusingly similar to the Slinky Marks pursuant to 15 U.S.C. § 1118;

### IV.   Temporary Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are temporarily enjoined and restrained, for a thirty (30) day period after entry of this Order from:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendants' Frozen Assets from or to Defaulting Defendants' Financial Accounts until further ordered by this Court; or

   B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Frozen Assets and Defaulting Defendants' Financial Accounts.

### V.   Temporary Continuance of Asset Restraint

1) In accordance with Rule 69 of the Federal Rules of Civil Procedure and Section 5222 of New York State's Civil Practice Law and Rules ("CPLR"), and this Court's inherent equitable power to issue remedies ancillary to its authority to provide final relief, the Defendants are forbidden to make or suffer any sale, assignment, transfer or interference with any property in which they have an interest, except as set forth in subdivisions (h) and (i) of Section 5222 of the CPLR, for a thirty (30) day period after the entry of this Order.

### VI.   Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the

provisions of this Order concerning the restriction or restraint of Defaulting Defendants' Frozen Assets;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this 18 day of March, 2021.

                                                      HON. GREGORY H. WOODS
                                                    UNITED STATES DISTRICT JUDGE